## ILLINOIS OIL CO. v. ILLINOIS REFINING CO. et al.

No. 20173. Opinion Filed June 14, 1932.

Wilcox & Swank, for plaintiff in error.

A. B. Honnold, S. J. Berton, Mitchell & Mitchell, and Paul Avis, for defendants in error and cross-petitioner in error.

HEFNER, J. This action was brought in the district court of Payne county on May 1, 1926, by the Illinois Oil Company, a corporation, against the Illinois Refining Company, a corporation, for an accounting.

Plaintiff, in its original petition, alleged certain transactions and dealings between the corporations, and that the defendant was indebted to it in the sum of $14,914.97. On December 9, 1927, after defendant had introduced its evidence and rested, plaintiff amended its petition claiming an additional amount as damages because of an alleged wrongful attachment. Defendant claimed that plaintiff was indebted to it for various sums, and that, after allowing it a credit in the sum of $14,914.97—which amount it admitted it owed plaintiff—plaintiff was still indebted to defendant in the sum of $26,607.58.

The case was referred to Raymon H. Moore, referee, who, after hearing the case, made a report to the court of his findings of fact and conclusions of law. He found in favor of defendant, including principal and interest, the sum of $2,169.57, which finding was approved by the trial court and judgment entered accordingly. Both parties have appealed.

Plaintiff and defendant are Illinois corporations, and Charles E. Welch was the Oklahoma manager for both. Welch, as such manager, sold to defendant certain merchandise which belonged to plaintiff, and also sold to plaintiff certain merchandise which belonged to defendant. Defendant at the trial admitted it was indebted to plaintiff in the original amount claimed by it, but denied that it was otherwise indebted to plaintiff, and contended that plaintiff was indebted to it in the following sums:

$12,090.67—payment of a draft by defendant, which was drawn on plaintiff, same having been charged to its account by Welch;

$ 2,832.50—for pipe sold and delivered to plaintiff;

$11,406.28—for gasoline sold and delivered to plaintiff;

$15,000.00—underpayment on certain oil sold and delivered to plaintiff.

The referee found that defendant owed plaintiff $14,914.97; that plaintiff owed defendant the following offsets:

$ 5,500.00—balance due on the $12,090.67 draft above set out;

$12,309.79—amount due defendant for gasoline and kerosene.

The other items claimed by defendant as an offset, and plaintiff's claim for damages in the sum of $9,564.03, were by him denied.

Plaintiff first urges that the evidence shows that defendant was fully reimbursed for the draft drawn on it and paid by defendant; that it paid defendant on this account the following sum: May 16, 1924, one check for $5,000 drawn by Newham Oil Company, payable to plaintiff, and by it indorsed and deposited to the credit of defendant; one check for $1,590.67, drawn by plaintiff on its account payable to defendant and deposited to credit of defendant; August 26, 1924, deposit to defendant's credit, $986.22; September 9, 1924, deposit of $844.51; and December 8, 1925, $3,816.66; the aggregate of which payments plaintiff claims overpaid defendant on this item in the sum of $147.39.

The referee allowed plaintiff credit on the draft paid by defendant in the sum of the two checks totaling $5,590.67, and disallowed the other payments claimed as credits. The evidence shows that all the payments as claimed by plaintiff were deposited in the bank to the credit of defendant, but it is also shown that Mr. Welch held in his possession a large sum of money belonging to defendant to protect himself from liability on bonds signed by him for defendant; that portions of these sums were thereafter deposited in the bank to the credit of defendant. It is the contention of defendant that these various deposits made by plaintiff to its credit were so made with funds belonging to defendant, and not with funds belonging to plaintiff. The referee found in favor of defendant on this issue, except as to the payments made on May 16, 1924, totaling $6,590.67. We think the evidence is sufficient to sustain this finding of the referee. Welch admitted that he withheld large sums of money belonging to defendant,

and that he thereafter deposited the same to its credit. E. G. Hall, auditor of defendant corporation, who audited its books, testified that the records showed that Welch had personally withheld funds belonging to defendant in the sum of $52,504.76.

Plaintiff urges that the evidence of Hall relative to the withholding of these sums of money was not within the pleadings and therefore improperly admitted. It is true that no mention thereof is made by defendant in its pleadings, but we think the evidence was admissible in rebuttal to contradict the evidence offered by plaintiff that the various sums deposited in the bank to the credit of defendant were properly applied to reimburse it for payment of the $12,090.67 draft.

The referee also found that plaintiff was indebted to defendant in the sum of $11,-309.79, on account of sales of gasoline. Plaintiff does not seriously dispute this finding, but contends that it is entitled to an offset against this item of $9,564.03 claimed by it as damages for unlawful attachment on certain oil belonging to it.

The evidence shows that defendant was indebted to the Continental Refining Company in large amount. Suit was brought against it by that company and an attachment was levied on its property. It included in the levy a certain quantity of oil belonging to plaintiff. Pending the attachment, the market price of oil declined. Plaintiff brought action against the Continental Refining Company to recover damages because of this attachment. After this action was brought, a stipulation was entered into between defendant herein and the Continental Refining Company whereby it was stipulated that defendant should pay it the sum of $35,000, and that, upon such payment, it should dismiss its action against defendant, and that plaintiff herein should dismiss its damage suit filed against the Continental Company. This amount was paid by defendant and an order of dismissal with prejudice was entered in both actions.

Frank P. Welch, president of plaintiff company, testified that it was orally agreed between plaintiff and defendant that, as part consideration for the settlement of both causes of action above mentioned, defendant should pay to it its damage claim of $9,-564.03. The referee denied this claim, and, in our opinion properly so. The written stipulation entered into between the Continental Company and defendant specified the terms of settlement. It is therein stated that, upon payment of the sum of $35,000, both actions should be dismissed with prejudice. S. J. Berton, attorney who represented defendant herein in the other suit, testified that he was in conference at various times when the settlement of the Continental suit was discussed and was present at the meeting of the board of directors of defendant company at which the settlement was authorized and approved and that he at no time heard discussion of the matter of paying plaintiff's damage claim. The minutes of that meeting show that it approved the proposition to settle the litigation between defendant and the Continental Company for the sum of $35,000, but no mention is made therein as to the payment of plaintiff's damage claim.

Under this evidence, it cannot be said that the findings of the referee disallowing plaintiff's damage claim is against the clear weight thereof.

Plaintiff further contends that the judgment should be reversed for the reason that the referee failed to make sufficient findings of fact and conclusions of law. The findings and conclusions fairly cover the issues involved. No request was made by plaintiff for further or more specific findings, and in the absence of such request we hold the findings sufficient.

Defendant has filed its cross-petition in error and claims that the findings of the referee that plaintiff paid $5,000 to it on May 16th, as credit on the draft paid by defendant, is not supported by the evidence. Defendant admits that such amount was on that date deposited to its credit in the bank, but contends the same was made by Welch out of funds held by him belonging to defendant; and that such deposit was not made with funds which belonged to plaintiff. There in some evidence which tends to sustain this contention. We cannot, however, say that a contrary finding by the referee is against the clear weight of the evidence.

The judgment is affirmed.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.